THEANE EVANGELIS, SBN 243570
  TEvangelis@gibsondunn.com
MADELEINE F. MCKENNA, SBN 316088
  MMcKenna@gibsondunn.com
EMILY SAUER, SBN 324695
  ESauer@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

MEGAN COONEY, SBN 295174
  MCooney@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

*Attorneys for Defendant PetSmart LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BREANN SCALLY,<br><br>        Plaintiff, on behalf of herself and all others similarly situated,<br><br>   v.<br><br>PETSMART LLC,<br><br>        Defendant. | CASE NO. 4:22-cv-06210-YGR<br><br>**DECLARATION OF JENNIFER OFFNER IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**<br><br>Hearing Date: January 24, 2023<br>Hearing Time: 2:00 p.m.<br>Hearing Place: Courtroom 1, 4th Floor<br>Judge:        Hon. Yvonne Gonzalez Rogers |

Gibson, Dunn & Crutcher LLP

1

DECLARATION OF JENNIFER OFFNER IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 4:22-CV-06210-YGR

# DECLARATION OF JENNIFER OFFNER

I, Jennifer Offner, hereby declare and state:

1. I am the Director, Field HR-Store Operations & Services, Vet Health Services for PetSmart LLC ("PetSmart"). As a result of my position with PetSmart, I have knowledge of PetSmart's business and personnel operations, in particular the hiring and onboarding process for employees in the United States. I also have access to PetSmart's employee records, which include personnel files and various employment-related agreements. PetSmart regularly maintains all of these files in the ordinary course of business.

2. I make this declaration in support of PetSmart's Motion to Compel Arbitration. I am authorized to make these statements on behalf of PetSmart. The information in this declaration is true and correct of my own personal knowledge (unless otherwise stated) and if asked to testify to these matters, I would do so competently.

3. PetSmart operates one of the largest chains of pet-centric retail stores in North America with more than 1,400 stores in the United States. In California alone, there are more than 100 PetSmart stores. PetSmart sells retail pet products and offers pet lodging, training, adoption, and grooming services. PetSmart stores provide grooming services to millions of pets across the United States each year.

4. To provide its grooming services, PetSmart hires groomers. Many PetSmart groomers attend PetSmart's Grooming Academy, which consists of a 4-week, 160-hour-long program that provides hands-on training and teaches groomers the basics of pet grooming.

5. Starting in 2010 and continuing through the present, when applicants apply to work as employees for PetSmart, PetSmart provides them with access to Cadient, a web-based program where applicants are required to complete an electronic employment application and sign various agreements related to their potential employment. One of the documents that U.S. based applicants are presented to review and electronically sign through Cadient is PetSmart's Dispute Resolution Policy (the "DRP"). A true and correct copy of the DRP in effect during 2020 and 2021, when BreAnn Scally applied for and was hired as a PetSmart employee, is attached as **Exhibit 1**.

Gibson, Dunn & Crutcher LLP

2

DECLARATION OF JENNIFER OFFNER IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION
CASE NO. 4:22-CV-06210-YGR

6. To access Cadient, PetSmart applicants create their own Cadient accounts with a personalized username and confidential password. Once applicants enter their username and password on the login screen, they are taken to the first page of the online employment application titled, "Pre-Application Consents and Disclosures," which informs applicants that they have "successfully registered" and "can now continue the application process" that will take them "between 10 and 50 minutes [to complete] depending on the position for which [they] are applying." Once applicants have reviewed this first screen, they are prompted to click a button labeled, "Next" at the bottom of the screen to proceed to the next screen. A true and correct screenshot of the webpage that Ms. Scally would have seen when she logged into her Cadient account to apply for employment with PetSmart is attached as **Exhibit 2**.

7. The second screen that applicants see is a continuation of the "Pre-Application Consents and Disclosures," and explains that applicants will need to complete their employment application electronically. It also notifies applicants that the application contains a "Dispute Resolution Policy that provides for binding individual arbitration," and explains that applicants can request to review the DRP and any other consent forms "on paper instead of electronically." Applicants are then prompted to click a button labeled, "Next" at the bottom of the screen. A true and correct screenshot of this second webpage that Ms. Scally would have seen when applying for employment with PetSmart is attached as **Exhibit 3**.

8. The third screen that applicants see is a continuation of the "Pre-Application Consents and Disclosures," and asks applicants whether they agree to complete the employment application, including consent forms like the DRP, electronically. If applicants agree to review and sign these forms electronically, they click "I agree," and then a button labeled, "Next" at the bottom of the screen. A true and correct screenshot of this third webpage that Ms. Scally would have seen when applying for employment with PetSmart is attached as **Exhibit 4**.

9. The fourth screen that applicants see is the final page of "Pre-Application Consents and Disclosures." At the top of the page in bolded and underlined text, this screen states, "**PLEASE CLICK THE LINK BELOW TO REVIEW THE PETSMART DISPUTE RESOLUTION POLICY**" with a hyperlink immediately below it to PetSmart's publicly available DRP (attached here

Gibson, Dunn & Crutcher LLP

3

DECLARATION OF JENNIFER OFFNER IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION
CASE NO. 4:22-CV-06210-YGR

as Exhibit 1).  Applicants can review the DRP at their leisure, and can also return to the publicly available webpage to review the DRP at any time.  Once they have reviewed the DRP and the accompanying "PetSmart Dispute Resolution Policy Acknowledgements" on the fourth webpage of "Pre-Application Consents and Disclosures," applicants are prompted to click one of two buttons—the first states, "I agree," and the second states, "I do not agree and wish to end my application."  If applicants click, "I agree," they can then click a button labeled, "Next" at the bottom of the screen.  A true and correct screenshot of this fourth webpage that Ms. Scally would have seen when applying for employment with PetSmart is attached as **Exhibit 5**.

10. After applicants complete these Pre-Application Consents and Disclosures, they are prompted to complete their employment application by attaching their resume, answering questions about their employment and education history, taking a role assessment for the position to which they are applying, and submitting their application.

11. Even after reviewing and electronically signing the DRP, the DRP gives applicants 30 days to elect not to be bound by the DRP.  Specifically, the opt-out provision states in Paragraph 21 of Exhibit 1:  "Not later than the 30th calendar day after the date the [applicant] has received notice or a copy of this DRP . . . the [applicant] can elect to not be bound by this DRP or its Chosen State Law provision by giving [PetSmart] written notice of such election."  The Chosen State Law provision in Paragraph 20 of Exhibit 1 states that "[t]o the extent state law is applicable" to the DRP (only if the Federal Arbitration Act is found not to apply), "then the laws of the State of Delaware, where PetSmart LLC is incorporated, will be the applicable state law, as applicable and without regard to or application of any conflict of laws principles."

12. PetSmart's records reflect that BreAnn Scally applied for employment at a PetSmart store in Salinas, CA.  As part of her application process, Ms. Scally agreed to apply and receive consent forms electronically, and reviewed and electronically signed the DRP through her Cadient account on December 22, 2020.  A true and correct copy of PetSmart's records showing that Ms. Scally agreed to receive consent forms electronically, and reviewed and electronically signed the DRP on December 22, 2020, is attached as **Exhibit 6**, and copied and pasted in relevant part below:

Gibson, Dunn & Crutcher LLP

4

DECLARATION OF JENNIFER OFFNER IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION
CASE NO. 4:22-CV-06210-YGR

| LastName | FirstName | ScriptName | QuestionText | DateCreated | DateLastModified | AnswerText |
|---|---|---|---|---|---|---|
| breann | scally | Pre-Application Disclosures | I acknowledge, understand, and agree that the DRP is not a non-negotiable material term that I am required to accept in order to apply for, obtain or retain employment with Company, and that to the extent I desire to do so, I am free to seek to negotiate its terms as set forth in Section 24 of the DRP.  If I primarily reside in California, then I acknowledge and agree that I have in fact been individually represented by legal counsel in negotiating the Chosen State Law (as defined in the DRP) provisions of the DRP, if I desired to engage in such negotiating, and if no such negotiating occurred, it was because I did not desire to negotiate the Chosen State | 22-DEC-20 11.15.15.259000000 PM | 22-DEC-20 11.15.15.259000000 PM | I agree |

Gibson, Dunn & Crutcher LLP

DECLARATION OF JENNIFER OFFNER IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION
CASE NO. 4:22-CV-06210-YGR

| | | Law provision of the DRP. | | | |
|---|---|---|---|---|---|

13. PetSmart subsequently hired Ms. Scally at the Salinas, CA store on February 1, 2021.

14. Although the DRP offered Ms. Scally the opportunity to opt out of the DRP and the Chosen State Law provision within it for 30 days after she received notice of its terms, PetSmart has no record that Ms. Scally attempted to opt out of the DRP or its Chosen State Law provision.

15. Ms. Scally worked for PetSmart until her employment was terminated on September 23, 2021.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 21 day of November, 2022, at Phoenix, Arizona.

_____
Jennifer Offner (Nov 22, 2022 15:48 MST)
Jennifer Offner

Gibson, Dunn & Crutcher LLP

6

DECLARATION OF JENNIFER OFFNER IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION
CASE NO. 4:22-CV-06210-YGR