THEANE EVANGELIS, SBN 243570
  TEvangelis@gibsondunn.com
MADELEINE F. MCKENNA, SBN 316088
  MMcKenna@gibsondunn.com
EMILY SAUER, SBN 324695
  ESauer@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

MEGAN COONEY, SBN 295174
  MCooney@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone:   949.451.3800
Facsimile:   949.451.4220

*Attorneys for Defendant PetSmart LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| BREANN SCALLY,<br><br>　　　　Plaintiff, on behalf of herself and all others similarly situated,<br><br>　　v.<br><br>PETSMART LLC,<br><br>　　　　Defendant. | CASE NO. 4:22-cv-06210-YGR<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)**<br><br>Hearing Date:  July 25, 2023<br>Hearing Time: 2:00 p.m.<br>Hearing Place: Courtroom 1, 4th Floor<br>Judge:　　　 Hon. Yvonne Gonzalez Rogers |

Gibson, Dunn &
Crutcher LLP

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ........................................................................................................... 1

II.     BACKGROUND .............................................................................................................. 2

        A.      The Parties' Agreement to Arbitrate Plaintiff's Claims................................. 2

        B.      The Court's Order Granting PetSmart's Motion to Compel Arbitration ...................... 3

III.    LEGAL STANDARD........................................................................................................ 4

IV.     ARGUMENT ................................................................................................................... 5

        A.      Plaintiff's Proposed Issues for Certification Do Not Present Controlling
                Questions of Law ....................................................................................... 5

        B.      There Are No Substantial Grounds for Difference in Opinion on Plaintiff's
                Proposed Issues ......................................................................................... 8

                1.      The Ninth Circuit and California Courts Agree that Injunctive Relief
                        that Primarily Benefits a Group of Employees Is Private Injunctive
                        Relief ................................................................................................ 8

                2.      It Is Well Settled that This Court Had Authority to Sever a Contract
                        Term It Found Unconscionable................................................... 12

        C.      An Interlocutory Appeal Would Prolong, Not Materially Advance Termination
                of the Litigation ...................................................................................... 13

V.      CONCLUSION .............................................................................................................. 15

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abarca v. Merck & Co.*,
2012 WL 137749 (C.D. Cal. Jan. 17, 2012) ...................................................................7

*Adab v. U.S. Citizenship & Immigr. Servs.*,
2015 WL 1467180 (C.D. Cal. Mar. 23, 2015) ................................................................7

*Allen v. ConAgra Foods, Inc.*,
2019 WL 1466889 (N.D. Cal. Feb. 6, 2019) .................................................................13

*Andrade v. P.F. Chang's China Bistro, Inc.*,
2013 WL 12315517 (S.D. Cal. Nov. 26, 2013) ..........................................................7, 8

*Armendariz v. Found. Health Psychare Servs., Inc.*,
24 Cal.4th 83 (2000) .........................................................................................2, 4, 12, 15

*Bailey v. Rite Aid Corp.*,
2019 WL 13067734 (N.D. Cal. June 26, 2019) ........................................................5, 8, 9

*Buchsbaum v. Dig. Intel. Sys., LLC*,
2020 WL 7059515 (S.D. Cal. Dec. 2, 2020) .................................................................12

*Bushley v. Credit Suisse First Boston*,
360 F.3d 1149 (9th Cir. 2004) ......................................................................................15

*C.W. v. Epic Games, Inc.*,
2020 WL 6064422 (N.D. Cal. Oct. 14, 2020) .....................................................5, 13, 15

*Capriole v. Uber Techs., Inc.*,
7 F.4th 854 (9th Cir. 2021) ...........................................................................................10

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1982) ........................................................................................5

*City of San Jose v. Monsanto Co.*,
2017 WL 6039670 (N.D. Cal. Dec. 6, 2017) ..................................................................6

*Clifford v. Quest Software Inc.*,
38 Cal. App. 5th 745 (2019) ..............................................................................2, 10, 11

*Coinbase, Inc. v. Bielski*,
No. 22-105, 2023 WL 4138983 (U.S. June 23, 2023) .....................................................6

*Colopy v. Uber Techs. Inc.*,
2019 WL 6841218 (N.D. Cal. Dec. 16, 2019) ..............................................................10

Gibson, Dunn &
Crutcher LLP

*Coopers & Lybrand v. Livesay*,
  437 U.S. 463 (1978) ...................................................................................................5

*Couch v. Telescope, Inc.*,
  611 F.3d 629 (9th Cir. 2010) ...............................................................................8, 13

*eDrop-Off Chicago LLC v. Burke*,
  2013 WL 12131186 (C.D. Cal. Aug. 9, 2013) ........................................................10

*Fraser v. OMV Med., Inc.*,
  2023 WL 2293346 (S.D. Cal. Feb. 28, 2023) ..........................................................13

*Guidiville Rancheria of Cal. v. United States*,
  2014 WL 5020036 (N.D. Cal. Oct. 2, 2014)..............................................................13

*Hale v. Brinker International, Inc.*,
  2022 WL 2187397 (N.D. Cal. June 17, 2022) ..........................................................13

*Hardt v. Direct Inv. LLC*,
  2013 WL 494088 (S.D. Cal. Feb. 7, 2013) ...............................................................15

*Hightower v. Schwarzenegger*,
  2009 WL 3756342 (E.D. Cal. Nov. 6, 2009) ............................................................15

*Hodges v. Comcast Cable Communications, LLC*,
  21 F.4th 535 (9th Cir. 2021) .......................................................................2, 8, 9, 10, 11

*James v. Price Stern Sloan, Inc.*,
  283 F.3d 1064 (9th Cir. 2002) ...............................................................................1, 4

*L.A. v. Tulare Cnty. Off. of Educ.*,
  2009 WL 331488 (E.D. Cal. Feb. 10, 2009) .............................................................15

*Lange v. Monster Energy Co.*,
  46 Cal. App. 5th 436 (2020) ....................................................................................12

*Lim v. TForce Logistics, LLC*,
  8 F.4th 992 (9th Cir. 2021) ................................................................................4, 12, 13

*Local Union 598, Plumbers & Pipefitters Indus. Journeymen & Apprentices Training Fund v. J.A. Jones Constr. Co.*,
  846 F.2d 1213 (9th Cir.), *aff'd*, 488 U.S. (1988) ...................................................11

*Luchini v. Carmax, Inc.*,
  2012 WL 3862150 (E.D. Cal. Sept. 5, 2012)............................................................14

*Maldonado v. Fast Auto Loans, Inc.*,
  60 Cal. App. 5th 710 (2021) ...................................................................................8, 9

Gibson, Dunn & Crutcher LLP

iii

*McGill v. Citibank, N.A.*,
  2 Cal.5th 945 (2017) ...............................................................................................4, 9, 10

*Mejia v. DACM Inc.*,
  54 Cal. App. 5th 691 (2020) ...........................................................................................8, 9

*Moffett v. Recording Radio Film Connection, Inc.*,
  2020 WL 6143595 (C.D. Cal. Jan. 31, 2020) ....................................................................14

*Parada v. Superior Court*,
  176 Cal. App. 4th 1554 (2009) .........................................................................................13

*Ramirez v. Bank of Am., N.A.*,
  2023 WL 3149261 (N.D. Cal. Mar. 27, 2023) .................................................................5, 6

*Reese v. BP Exploration (Alaska) Inc.*,
  643 F.3d 681 (9th Cir. 2011)...............................................................................................8

*Reyes v. Hearst Commc'ns, Inc.*,
  2022 WL 2235793 (9th Cir. June 22, 2022) ......................................................................13

*Saravia v. Dynamex, Inc.*,
  310 F.R.D. 412 (N.D. Cal. 2015) ......................................................................................13

*Silicon Valley Self Direct, LLC v. Paychex, Inc.*,
  2015 WL 5012820 (N.D. Cal. Aug. 24, 2015)......................................................................6

*Spread Your Wings, LLC v. AMZ Grp. LLC*,
  2020 WL 7122513 (N.D. Cal. Dec. 4, 2020) .......................................................................5

*Storms v. Paychex, Inc.*,
  2022 WL 2160414 (C.D. Cal. Jan. 14, 2022) ....................................................................13

*Torrecillas v. Fitness Int'l, LLC*,
  52 Cal. App. 5th 485 (2020) .............................................................................................10

*Trope v. Katz*,
  11 Cal. 4th 274 (1995) ......................................................................................................11

*Ulbrich v. Overstock.Com, Inc.*,
  887 F. Supp. 2d 924 (N.D. Cal. 2012) ..............................................................................12

*United States v. Nevada Tax Comm'n*,
  439 F.2d 435 (9th Cir. 1971)............................................................................................11

*Vaughn v. Tesla, Inc.*,
  87 Cal. App. 5th 208 (2023) ..........................................................................................9, 11

*Youssofi v. Credit One Fin.*,
  2016 WL 6395086 (S.D. Cal. Oct. 28, 2016) ......................................................................7

Gibson, Dunn &
Crutcher LLP

**STATUTES**

9 U.S.C. § 3 ................................................................................................................6

28 U.S.C. § 1292 .....................................................................1, 4, 5, 8, 12, 13, 15

Cal. Civ. Code § 1670.5 ............................................................2, 4, 5, 12, 15

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATION OF INTERLOCUTORY
APPEAL UNDER 28 U.S.C. § 1292(B)
CASE NO. 4:22-CV-06210-YGR

# I.      INTRODUCTION

The Court has already determined, after a careful and thorough analysis, that Plaintiff BreAnn Scally agreed to resolve her disputes with PetSmart in individual arbitration and that this agreement must be enforced.  Now, Plaintiff seeks a do over, asking the Court to certify two questions for interlocutory appeal under 28 U.S.C. § 1292(b):   first, "[w]hat constitutes a request for 'public injunctive relief' under California law"; and second, "[w]hether, and how, a party's bad-faith inclusion of unconscionable contract terms affects the court's discretion to sever those terms or invalidate the contract entirely."  Dkt. 35 ("Mot.") at 3.  But certification under § 1292(b) is appropriate only in "rare circumstances," *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002), and when certification "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b).  Plaintiff fails to meet that demanding standard here.

First, neither of Plaintiff's proposed questions for certification presents a "controlling question of law" that stands to materially affect the outcome of the litigation, because regardless of how the Ninth Circuit ruled on either question, Plaintiff would still be required to arbitrate her claims.  Even assuming Plaintiff could convince the Ninth Circuit that she seeks public injunctive relief (contrary to controlling precedent), the vast majority of Plaintiff's claims—including her claims for expense reimbursement and meal and rest period violations, as well as her claims relating to licensing requirements and unfair debt collection practices—would still be compelled to individual arbitration.  Plaintiff's second proposed question—whether courts have discretion to sever unconscionable contract terms drafted in bad faith—also is not controlling here, for the basic reason that this Court never concluded that the fee-splitting provision in the parties' agreement was included in bad faith.  Any appeal of Plaintiff's second proposed question would therefore have no bearing on Plaintiff's obligation to arbitrate, as the Court here acted well within its discretion in severing this provision and enforcing the remainder of the agreement.  Furthermore, because Plaintiff would be required to arbitrate regardless of the outcome of any interlocutory appeal—and her non-arbitrable claims for public injunctive relief would be stayed pending arbitration—certification here would not at all advance, let alone "materially advance," the "ultimate termination of the litigation."  28 U.S.C. § 1292(b).

Gibson, Dunn & Crutcher LLP

1

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)
CASE NO. 4:22-CV-06210-YGR

Second, Plaintiff's proposed questions do not present unsettled issues for which there is substantial ground for difference of opinion.  With respect to her first question, the Ninth Circuit has already held in *Hodges v. Comcast Cable Communications, LLC*, 21 F.4th 535, 549 (9th Cir. 2021), that injunctions that would primarily benefit a group of similarly situated individuals, rather than the general public at large, do not qualify as "public injunctive relief."  That rule squarely applies here, as this Court has already concluded that Plaintiff's requested injunctive relief would primarily benefit a subset of PetSmart employees who are eligible to enroll in PetSmart's Grooming Academy.  And although Plaintiff attempts to paint *Hodges* as at odds with two decisions from the California Court of Appeal, California courts are clear that injunctions, like this one, that would primarily benefit a group of employees are private rather than public.  *See, e.g.*, *Clifford v. Quest Software Inc.*, 38 Cal. App. 5th 745, 753 (2019).  As to Plaintiff's second proposed question, it is well settled that the Court here acted within its discretion to sever a contractual term it found unconscionable.  *See, e.g.*, Cal. Civ. Code § 1670.5(a); *Armendariz v. Found. Health Psychare Servs., Inc.*, 24 Cal.4th 83, 124 (2000).

Plaintiff therefore cannot satisfy any of the requirements for § 1292(b) certification, and the Motion should be denied.

## II.     BACKGROUND

### A.     The Parties' Agreement to Arbitrate Plaintiff's Claims

The uncontested evidence presented with PetSmart's Motion to Compel Arbitration established that Plaintiff agreed to resolve her disputes with PetSmart in individual arbitration.  As PetSmart explained, since 2010, individuals seeking employment with PetSmart have been presented with an arbitration agreement (referred to as the Dispute Resolution Policy, or "DRP"), before submitting an employment application.  *See* Dkt. No. 14 at 2.  At the top of the very first page, the DRP states in bold, capitalized letters that unless the applicant or employee exercises her right to opt out, she must resolve any disputes with PetSmart in individual arbitration, voluntary mediation, or small claims court, and that the applicant or employee waives the right to bring suit on behalf of other employees.  Dkt. 14-2 at 1.

In addition to the first page of the agreement, the DRP also makes clear that, unless the parties elect to resolve their dispute through mediation or a small claims court action, the parties agree that

Gibson, Dunn &
Crutcher LLP

2

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATION OF INTERLOCUTORY
APPEAL UNDER 28 U.S.C. § 1292(B)
CASE NO. 4:22-CV-06210-YGR

certain covered disputes, including any employment-related claims, must be resolved "exclusively by final and binding individual arbitration in accordance with the terms of this DRP." *Id.* ¶¶ 5–7.  The parties also "waive any and all rights to bring or participate in any type" of class, collective, or representative action.  *Id.* ¶ 11.  The DRP also includes a delegation clause that provides that all "issues of arbitrability[,] such as formation, interpretation, applicability or enforceability" of the agreement "must only be heard and decided by the appointed arbitrator."  *Id.* ¶ 3.  The DRP affords applicants and employees an unfettered right to opt out of arbitration by emailing, faxing, mailing, or hand delivering written notice within 30 days after receiving notice or a copy of the DRP.  *Id.* ¶ 21.

The evidence here showed that Plaintiff reviewed and electronically signed the DRP on December 22, 2020, and that Plaintiff did not exercise her right to opt out of arbitration.  *See* Dkt. No. 14-1 ¶ 12.

**B.      The Court's Order Granting PetSmart's Motion to Compel Arbitration**

Despite her agreement to resolve her disputes with PetSmart in individual arbitration, Plaintiff filed a putative class action Complaint against PetSmart in July 2022, seeking to represent numerous classes and subclasses of California PetSmart employees.  *See* Dkt. No. 1-2, Ex. B.  Plaintiff alleged that the training repayment agreement for employees who attended PetSmart's Grooming Academy violated California law, and that putative class members were denied proper meal and rest breaks.  *Id.* at ¶¶ 72–162.  PetSmart moved to compel Plaintiff's claims to individual arbitration pursuant to the DRP.  Dkt. 14.

On May 25, 2023, the Court granted PetSmart's Motion to Compel Arbitration.  Dkt. 34 at 1.  First, the Court noted that there did not "appear to be [a] genuine dispute" that the DRP "contain[ed] a viable delegation clause which clearly and unmistakably delegates authority to the arbitrator to consider certain arguments about the DRP's enforceability."  *Id.* at 4 n.2.  Because the Court "underst[ood] plaintiff to assert that the arbitration agreement's cost-splitting provision makes the delegation clause unconscionable," it considered whether that specific provision was procedurally and substantively unconscionable.  *Id.* at 4.  After evaluating the parties' arguments, the Court concluded the fee-splitting provision was substantively unconscionable and "moderate[ly]" procedurally unconscionable.  *Id.* at 5–7.  However, the Court exercised the "significant discretion" it enjoys under California law to sever

3

Gibson, Dunn & Crutcher LLP

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)
CASE NO. 4:22-CV-06210-YGR

the fee-splitting provision from the rest of the DRP. *Id.* at 7 (citing Cal. Civ. Code § 1670.5(a); *Armendariz*, 24 Cal.4th at 124). Significantly, after recognizing that an unconscionable term "should generally not be severed . . . if [it] was drafted in bad faith" (such as where an agreement contains "multiple unconscionable terms"), the Court then went on to hold that the fee-splitting provision *could be severed here*. *Id.* (citing *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1005–06 (9th Cir. 2021)).

The Court next rejected Plaintiff's challenge to the DRP on the grounds that it contained an improper waiver of public injunctive relief under *McGill v. Citibank, N.A.*, 2 Cal.5th 945 (2017). Dkt. 34 at 8. As the Court noted, "[i]n plaintiff's own words, she seeks to require PetSmart to stop falsely advertising its training as free to *prospective employees*, stop falsely representing the Grooming Academy as a legitimate educational institution able to issue enforceable debt, and to comply with the law governing consumer lending disclosures." *Id.* (internal quotation marks omitted, emphasis added). Because "only certain *existing* PetSmart employees are eligible to enter Grooming Academy," the Court explained, "[t]he primary beneficiaries of the injunctive relief plaintiff seeks would therefore be a sub-set of current PetSmart employees rather than the general public." *Id.* (emphasis in original); *see also* Dkt. 1-2, Ex. B ¶¶ 14–15 (explaining that "[i]n order to be eligible for promotion to groomer"— and therefore to have the opportunity to even enter into the grooming academy—prospective employees must be hired by PetSmart as "bathers"). The Court concluded that Plaintiff's request for injunctive relief, therefore, did not implicate *McGill*. Dkt. 34 at 8.

Finding that Plaintiff offered no other valid challenges to the validity of her agreement to arbitrate, the Court granted PetSmart's Motion to Compel Arbitration, stayed the action pending the outcome of arbitration, and ordered that the case be administratively closed. *Id.* at 9.

### III.    LEGAL STANDARD

Section 1292(b) is a "departure from the normal rule that only final judgments are appealable," and accordingly, it "must be construed narrowly." *James*, 283 F.3d at 1067 n.6. Under section 1292(b), a federal district court may certify a non-dispositive order for interlocutory review where: (1) the order "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The party seeking certification bears the burden of

4

demonstrating" that all three requirements are satisfied.  *C.W. v. Epic Games, Inc.*, 2020 WL 6064422, at *1 (N.D. Cal. Oct. 14, 2020) (Gonzalez Rogers, J.) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).  "Certifications of motions for interlocutory appeal are not common," and should be "used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation."  *Bailey v. Rite Aid Corp.*, 2019 WL 13067734, at *5 (N.D. Cal. June 26, 2019) (Gonzalez Rogers, J.) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)).

## IV.    ARGUMENT

Plaintiff proposes two issues for certification under § 1292(b):  (1) "[w]hat constitutes a request for 'public injunctive relief' under California law, including California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*"; and (2) "[w]hether, and how, a party's bad-faith inclusion of unconscionable contract terms affects the court's discretion to sever those terms or invalidate the contract entirely under Cal. Civil Code § 1670.5(a) and California law."  Mot. at 3.  Neither meets the demanding standard for interlocutory review.  These questions do not present controlling questions of law here or give rise to substantial grounds for difference of opinion, and an immediate appeal would only prolong ultimate termination of this action given that Plaintiff will still be obligated to arbitrate her claims regardless of an appeal's outcome.  Plaintiff's Motion should be denied.

**A.    Plaintiff's Proposed Issues for Certification Do Not Present Controlling Questions of Law**

An issue may be certified for interlocutory review only if it "involves a controlling question of law."  28 U.S.C. § 1292(b).  A "controlling question of law" is present if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court," *In re Cement*, 673 F.2d at 1026, or if it "could cause the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter," *Spread Your Wings, LLC v. AMZ Grp. LLC*, 2020 WL 7122513, at *4 (N.D. Cal. Dec. 4, 2020).  "[G]arden-variety issues of correct application of the law to the facts" do not satisfy the "controlling question of law" requirement.  *Ramirez v. Bank of Am., N.A.*, 2023 WL 3149261, at *1 (N.D. Cal. Mar. 27, 2023) (Gonzalez Rogers, J.).

Here, neither of the issues Plaintiff seeks to certify for appeal stand to "materially affect the outcome of litigation in the district court."  *In re Cement*, 673 F.2d at 1026.  As to the first issue—

Gibson, Dunn &
Crutcher LLP

5

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATION OF INTERLOCUTORY
APPEAL UNDER 28 U.S.C. § 1292(B)
CASE NO. 4:22-CV-06210-YGR

"[w]hat constitutes a request for 'public injunctive relief' under California law"—even if the Ninth Circuit were to agree that Plaintiff seeks public injunctive relief for some of her claims (she does not), and that those claims may proceed in court under *McGill*, Plaintiff would still be required to resolve other claims in individual arbitration. Any appeal on this question will not disturb the Court's conclusion that Plaintiff is required to arbitrate all of the other claims she has brought against PetSmart. Under the FAA, which governs the DRP, any claims not compelled to arbitration must be stayed pending the outcome of the arbitration of any arbitrable claims. *See* 9 U.S.C. § 3; *see also Coinbase, Inc. v. Bielski*, No. 22-105, 2023 WL 4138983, at *6 (U.S. June 23, 2023) (noting Congress "affirmatively codified a stay requirement" to "automatically stay court proceedings pending arbitration"). And, as Plaintiff has never disputed, the DRP contains an explicit term allowing PetSmart to give "express written consent" to sever the provision which she takes issue with, the representative action waiver, from the rest of the agreement. Dkt. No. 14-2, ¶ 26. Thus, even without the FAA's stay requirement, if the Ninth Circuit were to conclude Plaintiff seeks "public injunctive relief" for her false advertising-related claims, those claims would be severed and all other claims would still be arbitrated. Because "[a]n arbitration will occur" regardless of the outcome of any interlocutory appeal, Plaintiff's first proposed question for certification is not a "controlling question of law." *Silicon Valley Self Direct, LLC v. Paychex, Inc.*, 2015 WL 5012820, at *3 (N.D. Cal. Aug. 24, 2015).

Plaintiff cannot salvage this theory by arguing that the Court erred in concluding her request for injunctive relief was private, not public. To start, this is not a controlling question of law, either, for the same reason—it will not excuse Plaintiff from arbitrating her other claims. And it merely presents a "garden-variety issue[] of correct application of the law to the facts" which cannot give rise to interlocutory appeal. *Ramirez*, 2023 WL 3149261, at *1; *see also City of San Jose v. Monsanto Co.*, 2017 WL 6039670, at *1 (N.D. Cal. Dec. 6, 2017) (interlocutory appeal will not lie where moving party "disagree[s] with the Court's application of the law to the facts").

Plaintiff's second proposed question for certification—"whether severance is an appropriate remedy for unconscionable contract terms that were drafted in bad faith," Mot. at 3—fares no better, for a simple reason: this Court has never concluded that the fee-splitting provision in the DRP was drafted in bad faith. Throughout her Motion, Plaintiff *assumes* that this Court found the fee-splitting

Gibson, Dunn &
Crutcher LLP

6

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATION OF INTERLOCUTORY
APPEAL UNDER 28 U.S.C. § 1292(B)
CASE NO. 4:22-CV-06210-YGR

provision was included in bad faith, based on the Court's statement that the provision was an "attempt to chill PetSmart employees' efforts to hold their employer accountable." Mot. at 1, 3, 8–9 (quoting Dkt. 34 at 6). But in fact, after the Court expressly recognized that unconscionable terms "should generally not be severed . . . if the provision was drafted in bad faith," such as when an agreement has "multiple unconscionable terms," *the Court then determined that severance was appropriate in this case*. Dkt. No. 34 at 7. It is simply not true that the Court ever found the fee-splitting provision was included in bad faith—if anything, the Court's decision suggests just the opposite.[1] *See Abarca v. Merck & Co.*, 2012 WL 137749, at *5 (C.D. Cal. Jan. 17, 2012) (denying § 1292(b) motion because "because the factual basis underlying the [proposed] question [for appeal] is flawed"). Because there was no finding of bad faith here, the only relevant question is whether the Court properly exercised its discretion—and that is not a controlling question of law. *See Adab v. U.S. Citizenship & Immigr. Servs.*, 2015 WL 1467180, at *6 (C.D. Cal. Mar. 23, 2015) ("[W]hether the district court properly exercised its discretion . . . is not a controlling question of law").

The cases on which Plaintiff relies are not to the contrary. According to Plaintiff, "[f]ederal courts in California routinely hold that issues that determine whether claims are heard in court or arbitration constitute a controlling issue of law." Mot. at 5 (citing *Youssofi v. Credit One Fin.*, 2016 WL 6395086 (S.D. Cal. Oct. 28, 2016); *Andrade v. P.F. Chang's China Bistro, Inc.*, 2013 WL 12315517 (S.D. Cal. Nov. 26, 2013)). But in the first case Plaintiff cites, the legal question at issue could have, depending on how the Court of Appeals ruled, allowed the plaintiff to "avoid[] arbitration altogether," because, if the Court of Appeals agreed with the plaintiff, "there would be no valid agreement to arbitrate," and thus, an arbitrator would "ha[ve] no power to decide the matter." *Youssofi*, 2016 WL 6395086, at *2. Here, of course, Plaintiff would be required to arbitrate regardless of how the Ninth Circuit ruled on either of her proposed questions for certification. In the second case, the

---

[1] In any event, and despite Plaintiff's arguments to the contrary, *see* Mot. at 9, there is no reason to think the fee-splitting provision was drafted in bad faith. As the text of the DRP makes clear, the fee-splitting provision applies unless "binding United States Supreme Court precedent" requires otherwise; under those circumstances, the "Company will pay up to all of the arbitration forum costs (including arbitrator fees), as apportioned by the arbitrator in accordance with such legal authority." Dkt. No. 14-2 at ¶ 16. The DRP therefore demonstrates an intent to *comply* with binding law, not flout it. *See* Mot. at 9 (suggesting the fee-splitting provision is "deliberately illegal" (internal quotation marks omitted)).

Gibson, Dunn & Crutcher LLP

1   question was whether the court could "compel arbitration of Plaintiffs' representative PAGA claims";

2   the Ninth Circuit's resolution of this issue could therefore "materially affect the outcome of [the]

3   litigation because it could affect in what forum Plaintiffs' PAGA claims are heard." *Andrade*, 2013

4   WL 12315517, at *7 (internal quotations omitted).  Unlike here, there was no evidence the parties'

5   arbitration agreement contained a severability clause that would have allowed the plaintiffs' individual

6   claims to proceed in arbitration while the representative PAGA claims were stayed in court. *See id.* at

7   *2.

8            In sum, neither of Plaintiff's proposed issues for certification therefore presents a controlling

9   question of law, and Plaintiff's Motion should be denied on that basis alone.

**B.**       **There Are No Substantial Grounds for Difference in Opinion on Plaintiff's Proposed**
10           **Issues**

11           Certification under § 1292(b) also requires that the order to be certified "involves a controlling

12  question of law as to which there is substantial ground for difference of opinion."  28 U.S.C. § 1292(b).

13  "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an

14  issue's resolution, not merely where they have already disagreed." *Bailey*, 2019 WL 13067734, at *7

15  (quoting *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)).  "Reasonable jurists

16  typically disagree—and '[c]ourts traditionally will find that a substantial ground for difference of

17  opinion exists'—'where the circuits are in dispute on the question and the court of appeals of the circuit

18  has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult

19  questions of first impression are presented.'" *Id.* (quoting *Couch v. Telescope, Inc.*, 611 F.3d 629, 633

20  (9th Cir. 2010)).  Neither of the issues Plaintiff seeks to certify meet this standard.

**1.**       **The Ninth Circuit and California Courts Agree that Injunctive Relief that**
22           **Primarily Benefits a Group of Employees Is Private Injunctive Relief**

23           With respect to Plaintiff's first proposed issue for appeal, Plaintiff contends there is "an

24  increasing rift" between the California Courts of Appeal (as expressed in *Mejia v. DACM Inc.*, 54 Cal.

25  App. 5th 691 (2020) and *Maldonado v. Fast Auto Loans, Inc.*, 60 Cal. App. 5th 710 (2021)) and the

26  Ninth Circuit (as expressed in *Hodges v. Comcast Cable Communications, LLC*, 21 F.4th 535 (9th Cir.

27  2021)) over whether the injunctive relief Plaintiff requests constitutes public injunctive relief under

28

Gibson, Dunn &
Crutcher LLP

8

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATION OF INTERLOCUTORY
APPEAL UNDER 28 U.S.C. § 1292(B)
CASE NO. 4:22-CV-06210-YGR

*McGill v. Citibank, N.A.*, 2 Cal.5th 945 (2017).[2]  Mot. at 6.  In *Mejia*, the Court of Appeal held that a request for an injunction to require a motorcycle dealership to make certain disclosures to customers constituted public injunctive relief.  54 Cal. App. 5th at 703.  And in *Maldonado*, the court held that a plaintiff sought public injunctive relief in seeking to enjoin a lender from charging excessive interest rates.  *Maldonado*, 60 Cal. App. 5th at 715–17, 720–22.  In *Hodges*, the Ninth Circuit held that the plaintiff sought private rather than public injunctive relief, because the requested injunctive relief stood "to benefit only Comcast 'cable subscribers'—i.e., by definition they will only benefit a 'group of individuals similarly situated to the plaintiff'"—and thus could not "be said to *primarily* benefit the general public as a more diffuse whole" as required under *McGill*.  21 F.4th at 549 (quoting *McGill*, 2 Cal.5th at 955).  *Mejia* and *Maldonado* are inconsistent with the California Supreme Court's decision in *McGill*, the Ninth Circuit explained, because the requested injunctions in those cases "would primarily benefit" a particular group of people (motorcycle customers in *Mejia*, and borrowers in *Maldonado*), rather than "the general public as a whole."  *Id.* at 545–46 (citing *McGill*, 2 Cal.5th at 955).  Additionally, the Ninth Circuit held that the *Mejia/Maldonado* rule—"namely, that *any* injunction against future illegal conduct constitutes non-waivable public injunctive relief"—is preempted by the FAA.  *Id.* at 547.

The Ninth Circuit's disagreement with *Mejia* and *Maldonado* in *Hodges* simply does not amount to the "substantial ground[s] for difference of opinion" needed for § 1292(b) certification.  As Plaintiff does not dispute, the Ninth Circuit has plainly spoken on what constitutes public injunctive relief, and an interlocutory appeal would not present "novel and difficult questions of first impression."  *See Bailey*, 2019 WL 13067734, at *7.  As *Hodges* makes clear, the Ninth Circuit has already decided (following the California Supreme Court in *McGill*) that injunctions that would "primarily benefit" a "group of individuals similarly situated to the plaintiff" are not "public injunctions."  *Hodges*, 21 F.4th at 549 (quoting *McGill*, 2 Cal.5th at 955).  That rule squarely applies here, since "only certain *existing*

---

[2] Notably, Plaintiff never argued in her opposition to PetSmart's Motion to Compel Arbitration that *Mejia* and *Maldonado* called *Hodges* into doubt.  Instead, Plaintiff argued only that the California Court of Appeal's decision in *Vaughn v. Tesla, Inc.*, 87 Cal. App. 5th 208 (2023) "called some of the analysis in *Hodges* into question."  Dkt. 24 at 7 n.2.  But she reaffirmed the ongoing force of *Hodges*, stating that "Plaintiff's request for public injunctive relief falls squarely within the bounds established by *Hodges*."  *Id.*

Gibson, Dunn & Crutcher LLP

PetSmart employees are eligible to enter Grooming Academy," and thus "[t]he primary beneficiaries of the injunctive relief plaintiff seeks would therefore be a sub-set of current PetSmart employees rather than the general public." Dkt. 34 at 8. Even if Plaintiff's requested injunction could be said to have some "incidental benefit to the general public," that "is not enough to classify that relief as non-waivable public injunctive relief" under *Hodges* and *McGill*, and *Mejia* and *Maldonado* were wrongly decided for finding otherwise. *Hodges*, 21 F.4th at 546 (citing *McGill*, 2 Cal.5th at 955). In any event, this Court must follow binding Ninth Circuit precedent in *Hodges*, and cannot come to a different conclusion based on its reading of decisions from the California Court of Appeal. *See*, *e.g.*, *eDrop-Off Chicago LLC v. Burke*, 2013 WL 12131186, at *4 (C.D. Cal. Aug. 9, 2013).

Even assuming *Mejia* and *Maldonado* did accurately reflect California law, however, any disagreement between *Hodges* and *Mejia/Maldonado* is immaterial here for two reasons. First, *Mejia* and *Maldonado* are distinguishable because they did not involve injunctions that would primarily benefit a group of *employees*, and were instead focused on consumers. As Plaintiff concedes, California Courts of Appeal have held that injunctions that would primarily benefit a group of employees—like the one requested here—seek private, not public injunctive, relief. In *Clifford v. Quest Software Inc.*, 38 Cal. App. 5th 745, 753 (2019), for example, the plaintiff sought an injunction to prevent his employer from committing future violations of wage-and-hour laws. The court held that the plaintiff sought private, not public, injunctive relief, because "the only potential beneficiaries are [the employer's] current employees, not the public at large." *Id.* at 753. California federal and state courts have reached the same result where the requested injunction would primarily benefit a group of similarly situated employees or putative employees. *See*, *e.g.*, *Capriole v. Uber Techs., Inc.*, 7 F.4th 854, 870 (9th Cir. 2021) (relief regulating drivers' relationship with Uber was primarily directed at drivers and "only 'benefit[ed] the general public incidentally'"); *Colopy v. Uber Techs. Inc.*, 2019 WL 6841218, at *3 (N.D. Cal. Dec. 16, 2019) (request for injunctive relief aimed at a class of alleged putative employees was private, not public, under *McGill*); *Torrecillas v. Fitness Int'l, LLC*, 52 Cal. App. 5th 485, 500 (2020) (employee sought private injunction where "[t]he beneficiary of an injunction would be [the plaintiff] and possibly [the defendant's] current employees, not the public at large").

Gibson, Dunn & Crutcher LLP

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)
CASE NO. 4:22-CV-06210-YGR

There is therefore no reason to think California courts would decide the public injunctive relief question here any differently than California courts, as Plaintiff suggests.  *See* Mot. at 7–8.

Second, even if Plaintiff could show that *Mejia* and *Maldonado* reflect California law and governed an injunction focused on employees (like here), the Ninth Circuit in *Hodges* determined that the *Mejia/Maldonado* rule is preempted by the FAA.  *Hodges*, 21 F.4th at 547.  Because the Ninth Circuit, not state appellate courts, is the authority on questions of federal preemption, there is no possibility that *Mejia* and *Maldonado* could give rise to a genuine disagreement over what constitutes a public injunction for purposes of applying the FAA.  *Local Union 598, Plumbers & Pipefitters Indus. Journeymen & Apprentices Training Fund v. J.A. Jones Constr. Co.*, 846 F.2d 1213, 1218 (9th Cir.), *aff'd*, 488 U.S. (1988) ("Preemption is a question of federal law . . . .");  *see also United States v. Nevada Tax Comm'n*, 439 F.2d 435, 439 (9th Cir. 1971) ("decisions of the states are not binding" on "question[s] of federal law").

Plaintiff's remaining arguments are without merit.  Plaintiff argues that the California Supreme Court has denied petitions to review in *Mejia* and *Maldonado*, "leaving the rule [in those cases] in place as binding on California trial courts."  Mot. at 7.  But the Supreme Court has explained that "denial of review [is] not . . . an expression of the opinion of the Supreme Court on the correctness of the judgment of the Court of Appeal or on the correctness of any discussion in the Court of Appeal opinion."  *Trope v. Katz*, 11 Cal. 4th 274, 287 n.1 (1995) (internal quotation marks omitted).  In any event, the Supreme Court also denied review in *Clifford*, leaving that decision intact, too.  *See Clifford v. Quest Software Inc.*, 38 Cal. App. 5th 745, 747 (2019), *review denied* (Nov. 13, 2019).

Finally, Plaintiff argues that the California Court of Appeal in *Vaughn v. Tesla, Inc.*, 87 Cal. App. 5th 208, 231 n.16 (2023), "reaffirmed that the standard *Maldonado* and *Mejia* set forth for public injunctive relief is the correct one under California law," and opined that "the analysis of the dissent [in *Hodges*] is more consistent with *McGill*."  Mot. at 7.  Plaintiff raised the same argument unsuccessfully in her opposition to PetSmart's Motion to Compel Arbitration.  Dkt. 24 at 7 n.2.  As PetSmart explained in its Motion, *Vaughn* is distinguishable because the court's decision in that case rested on "the prevention of discrimination," which "the Legislature and the California Supreme Court have clearly stated" is an inherently private interest.  *Vaughn*, 87 Cal. App. 5th at 231 n.16.  There is

11

no "substantial ground for difference of opinion" on whether Plaintiff seeks public injunctive relief here.  28 U.S.C. § 1292(b).

### 2. It Is Well Settled that This Court Had Authority to Sever a Contract Term It Found Unconscionable

Plaintiff also fails to establish substantial grounds for difference of opinion on the question of whether the Court here had the power to sever the fee-splitting provision from the rest of the DRP. Plaintiff argues that the state of the law is unclear as to whether "a finding of bad faith eliminates or limits a court's discretion to sever the offending contract terms, and compels invalidation of the contract."  Mot. at 9 (citing *Lim*, 8 F.4th at 1005).  As explained above, however, that question is entirely beside the point, because this Court expressly acknowledged that unconscionable terms generally should not be severed where there is evidence of bad faith—*and then determined it could sever the fee-splitting provision here*.  Dkt. 34 at 7.  In short, there was simply no finding of bad faith that would bring this case within *Lim* or the other cases on which Plaintiff relies.  *See* Mot. at 9–10.

The only question, then, is whether the Court here had authority to sever a provision it found unconscionable from the rest of the agreement—and Plaintiff does not identify any substantial ground for difference of opinion on that question.  Nor could she.  The law is clear that courts enjoy significant discretion to sever contractual terms they find unconscionable, including cost-splitting provisions.  *See, e.g.*, Cal. Civil Code § 1670.5(a) ("If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause . . . ."); *Armendariz*, 24 Cal.4th at 124 (where an unconscionable "provision can be extirpated from the contract by means of severance or restriction, then such severance and restriction are appropriate"); *Lange v. Monster Energy Co.*, 46 Cal. App. 5th 436, 453 (2020) (order declining to sever unconscionable provisions from an arbitration agreement reviewed for abuse of discretion); *Ulbrich v. Overstock.Com, Inc.*, 887 F. Supp. 2d 924, 933 (N.D. Cal. 2012) (Gonzalez Rogers, J.) (severing cost-sharing provision); *see also Buchsbaum v. Dig. Intel. Sys., LLC*, 2020 WL 7059515, at *7 (S.D. Cal. Dec. 2, 2020) (where an arbitration agreement allows for severance, "[t]he strong legislative and judicial preference is to sever" any unconscionable terms "and enforce the balance of the agreement").  To the

Gibson, Dunn & Crutcher LLP

extent Plaintiff simply disagrees with the Court's decision to sever the fee-splitting provision here, that does not amount to "substantial ground for difference of opinion." *See Guidiville Rancheria of Cal. v. United States*, 2014 WL 5020036, at *2 (N.D. Cal. Oct. 2, 2014) (Gonzalez Rogers, J.) ("[D]isagreement with the Court's ruling is not sufficient to establish a 'substantial ground for difference of opinion.'" (quoting *Couch*, 611 F.3d at 633)).

The cases on which Plaintiff relies are distinguishable. In each of them, the court expressly found the drafting party acted in bad faith, there were multiple unconscionable contract terms (again suggesting bad faith), or both. *See Lim*, 8 F.4th at 1005–06 (multiple unconscionable provisions and bad faith); *Fraser v. OMV Med., Inc.*, 2023 WL 2293346, at *3–4 (S.D. Cal. Feb. 28, 2023) (same); *Parada v. Superior Court*, 176 Cal. App. 4th 1554, 1586–87 (2009) (same); *see also Storms v. Paychex, Inc.*, 2022 WL 2160414, at *19 (C.D. Cal. Jan. 14, 2022) (multiple unconscionable provisions); *Saravia v. Dynamex, Inc.*, 310 F.R.D. 412, 421 (N.D. Cal. 2015) (same). There has been no such finding here. *Hale v. Brinker International, Inc.*, 2022 WL 2187397, at *1 (N.D. Cal. June 17, 2022), is also distinguishable, because the court there simply exercised its discretion *not* to sever a fee-splitting provision from an arbitration agreement. *See also Reyes v. Hearst Commc'ns, Inc.*, 2022 WL 2235793, at *2 (9th Cir. June 22, 2022) (holding "[t]he district court did not abuse its discretion by declining to sever the fee-splitting provision from the rest of the arbitration agreement"). As explained above, that Plaintiff would have the Court exercise its discretion differently here does not establish substantial ground for difference of opinion. *See Guidiville Rancheria*, 2014 WL 5020036, at *2. Plaintiff therefore has failed to show the second § 1292(b) requirement is met.

## C.   An Interlocutory Appeal Would Prolong, Not Materially Advance Termination of the Litigation

Finally, Plaintiff fails to satisfy the third requirement for § 1292(b) certification—that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As this Court has explained, "the ultimate question" in deciding if this requirement is met is "whether permitting an interlocutory appeal would minimize the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." *Epic Games*, 2020 WL 6064422, at *4 (Gonzalez Rogers, J.) (quoting *Allen v. ConAgra*

Gibson, Dunn & Crutcher LLP

1    *Foods, Inc.*, 2019 WL 1466889, at \*3 (N.D. Cal. Feb. 6, 2019)).

2          Here, an interlocutory appeal would only prolong—not accelerate—termination of the parties'

3    dispute.  Plaintiff argues that she "intends to appeal the district court's order after the conclusion of

4    arbitration, and if she wins the parties will have to return to the beginning in court in several years";

5    thus, "[p]ermitting her to appeal now would cut out these unnecessary additional steps."  Mot. at 11.

6    But that assumes that (1) Plaintiff is likely to prevail on appeal if one or both of her proffered issues

7    were certified; and (2) none of Plaintiffs' claims would proceed in arbitration if one or both of

8    Plaintiff's issues were certified for appeal.  The first assumption is at best highly dubious, given that

9    controlling, on-point authority from the Ninth Circuit confirms that Plaintiff does not seek public

10   injunctive relief and the Court was well within its discretion to sever a contractual term the Court found

11   unconscionable.  Certification of either question for appeal would therefore be a needless exercise that

12   would only add to the burden on the parties and the courts.

13          As to Plaintiff's second assumption, as explained above, even if the Court of Appeals were to

14   conclude that some of Plaintiff's claims seek public injunctive relief, those claims must remain stayed

15   in court while the remainder of Plaintiff's claims are resolved in individual arbitration.  *See supra* at

16   5–6.  The court in *Moffett v. Recording Radio Film Connection, Inc.*, 2020 WL 6143595 (C.D. Cal.

17   Jan. 31, 2020), considered materially identical circumstances to the circumstances here, and easily

18   concluded that § 1292(b) certification would not materially advance termination of the litigation.  In

19   *Moffett*, the plaintiff argued an appeal "would avoid unnecessary delay, in that Plaintiff's public

20   injunctive relief claims would proceed before this Court without unnecessary arbitration proceedings."

21   *Id.* at \*4.  The defendants argued that, "even if those claims were severed the rest would proceed to

22   arbitration, . . . the bulk of [the plaintiff's] case would still be ordered to arbitration with the remaining

23   stayed pending the outcome of arbitration," and thus "an appeal would not materially alter the course

24   of litigation, other than cause delay."  *Id.*  The court agreed:  it held that an appeal "would only further

25   delay the case."  *Id.*  And it noted that "certifying an appeal is a prolonged process, while arbitration

26   can be completed long before an appeal is resolved."  *Id.*; *see also Luchini v. Carmax, Inc.*, 2012 WL

27   3862150, at \*4 (E.D. Cal. Sept. 5, 2012) (concluding that "arbitration likely will be completed prior to

28   appellate resolution, which in this Court's experience requires more than a year," and thus "[a]n

Gibson, Dunn &
Crutcher LLP

14

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATION OF INTERLOCUTORY
APPEAL UNDER 28 U.S.C. § 1292(B)
CASE NO. 4:22-CV-06210-YGR

interlocutory appeal would promote overall delay of resolution of [the plaintiff's] claims.").  Here too, an intermediate appeal would only delay the inevitable arbitration of Plaintiff's individual claims, lead to a multiplicity of appeals, and impose additional burdens upon the parties and the courts.  *See Epic Games*, 2020 WL 6064422, at \*4; *see also Hardt v. Direct Inv. LLC*, 2013 WL 494088, at \*2 (S.D. Cal. Feb. 7, 2013) ("If arbitration will occur regardless of the outcome of the appeal, then resolution of this litigation would only be delayed by an interlocutory appeal."); *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1153 n.1 (9th Cir. 2004) ("Unnecessary delay of the arbitral process through appellate review is disfavored.").

Similarly, because the Court has made no finding that the fee-splitting provision was included in bad faith, certifying Plaintiff's second question for appeal would have no impact on whether Plaintiff is required to arbitrate, because it is well settled courts may sever unconscionable terms as a general matter.  *See* Cal. Civil Code § 1670.5(a); *Armendariz*, 24 Cal. 4th at 124.  And to the extent Plaintiff simply disagrees with the Court's decision to sever the fee-splitting provision, courts are clear that "argu[ing] that [a] Court's decision was incorrect and that the Ninth Circuit will rule in Plaintiff's favor to correct the error" does not materially advance the termination of the litigation.  *Hightower v. Schwarzenegger*, 2009 WL 3756342, at \*5 (E.D. Cal. Nov. 6, 2009); *see also S.A. ex-rel. L.A. v. Tulare Cnty. Off. of Educ.*, 2009 WL 331488, at \*6 (E.D. Cal. Feb. 10, 2009) (similar).

As with the first two requirements, Plaintiff has therefore failed to satisfy the third requirement for certification of these questions for interlocutory relief.

## V.        CONCLUSION

The Court should deny Plaintiff's motion for certification for interlocutory appeal under 28 U.S.C. § 1292(b).

Gibson, Dunn &
Crutcher LLP

15

1    DATED: June 27, 2023

2                                              GIBSON, DUNN & CRUTCHER LLP

3

4                                              By: _____

5

6                                                  Theane Evangelis
                                                   Megan Cooney
7                                                  Madeleine F. McKenna
                                                   Emily Sauer

8                                              *Attorneys for Defendant PetSmart LLC*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATION OF INTERLOCUTORY
APPEAL UNDER 28 U.S.C. § 1292(B)
CASE NO. 4:22-CV-06210-YGR